1  Christopher S. Marchese (SBN 170239)
   marchese@fr.com
2  FISH & RICHARDSON P.C.
   4695 MacArthur Court, Suite 1100
3  Newport Beach, CA 92660
   Tel: (949) 623-7640 / Fax: (858) 678-5099
4
5  John W. Thornburgh (SBN 154627)
   thornburgh@fr.com
6  Madelyn S. McCormick (SBN 320063)
   mmccormick@fr.com
7  FISH & RICHARDSON P.C.
   12860 El Camino Real, Suite 400
8  San Diego, CA 92130
   Tel: (858) 678-5070 / Fax: (858) 678-5099
9
   Attorneys for Plaintiffs
10 *Dolby Laboratories, Inc.,*
   *Dolby Laboratories Licensing Corp.,*
11 *and Dolby International AB*
12
13          IN THE UNITED STATES DISTRICT COURT
14     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15 | DOLBY LABORATORIES, INC., | Case No. |
16 | DOLBY LABORATORIES | |
   | LICENSING CORP., AND DOLBY | **COMPLAINT FOR DECLARATORY** |
17 | INTERNATIONAL AB, | **JUDGMENT OF** |
   | | **NONINFRINGEMENT** |
18 |                    Plaintiffs, | |
   | | **DEMAND FOR JURY TRIAL ONLY** |
19 |         v. | **TO THE EXTENT THERE ARE** |
   | | **ANY ISSUES TRIABLE TO A JURY** |
20 | | **AND OTHERWISE REQUEST A** |
21 | INTERDIGITAL, INC., | **BENCH TRIAL** |
   | INTERDIGITAL MADISON PATENT | |
22 | HOLDINGS, SAS, AND | |
   | INTERDIGITAL VC HOLDINGS, | |
23 | INC., | |
24 |                    Defendants. | |
25
26
27
28

Dolby Laboratories, Inc. ("Dolby Laboratories"), Dolby Laboratories Licensing Corporation ("Dolby Licensing"), and Dolby International AB ("Dolby International") (collectively, "Dolby"), by and through undersigned counsel, hereby file this Complaint for a Declaratory Judgment against Defendants InterDigital, Inc., Interdigital Madison Patent Holdings, SAS, and InterDigital VC Holdings, Inc. (collectively, "InterDigital"), and allege as follows:

## PRELIMINARY STATEMENT

1.     Dolby seeks a declaration of non-infringement of U.S. Patent Nos. 8,149,338 (the "'338 Patent"); 9,654,751 (the "'751 Patent"); 9,747,674 (the "'674 Patent"); 10,741,211 (the "'211 Patent"); and 11,399,168 (the "'168 Patent"), referred to collectively as the "Patents-in-Suit." True and correct copies of the Patents-in-Suit are attached as **Exhibits 1** through **5**.

2.     Neither Dolby, Dolby Vision, nor its customers using Dolby Vision infringe or have infringed, either directly or indirectly, any claim of any of the Patents-in-Suit.

3.     Dolby seeks this relief because InterDigital has pursued a coordinated enforcement campaign targeting Dolby's product, Dolby Vision, by suing Dolby's downstream customers in no less than seven separate actions in multiple jurisdictions across the country based on their alleged use of Dolby Vision.

4.     Over the past few months, InterDigital filed actions against Dolby's customers Amazon.com Services LLC ("Amazon"), TCL Industries Holdings Co., Ltd. *et al*. ("TCL"), and Hisense Co., Ltd. *et al*. ("Hisense"), in several district courts and the International Trade Commission ("ITC"), alleging that Dolby's customers' use of Dolby Vision or incorporation of Dolby vision into Dolby's customers' alleged products infringes at least one of the Patents-in-Suit in each of these actions:

- November 2025: *InterDigital, Inc. et al. v. Amazon.Com Services LLC*, No. 1:25-cv-01365-GBW (D. Del.), Dkt. No. 1 (the "Amazon DE Complaint") ('211 and '674 Patents);

- December 2025: *InterDigital, Inc. et al. v. Amazon.Com Services LLC*, No. 2:25-cv-00822-AWA-DEM (E.D. Va.), Dkt. No. 1 (the "Amazon EDVA Complaint") ('338 Patent);

- December 2025: *Certain Video-Capable Electronic Devices*, Inv. No. 337-TA-1481 (U.S. Int'l Trade Comm'n), Complaint (the "Amazon ITC Complaint") ('211 and '674 Patents);

- February 2026: *InterDigital, Inc. et al. v. TCL Industries Holdings Co., Ltd. et al.*, No. 2:26-cv-00101-JRG (E.D. Tex.), Dkt. No. 1 (the "TCL EDTX Complaint") ('751 and '168 Patents);

- February 2026: *InterDigital, Inc. et al. v. Hisense Co., Ltd. et al.*, No. 1:26-cv-00754-SEG (N.D. Ga.), Dkt. No. 1 (the "Hisense NDGA Complaint") ('751 and '168 Patents); and

- February 2026: *Certain Video-Capable Electronic Devices, Including Smart Televisions, Monitors, and Components Thereof*, Inv. No. 337-TA-3889 (U.S. Int'l Trade Comm'n), Complaint, (the "TCL/Hisense ITC Complaint") ('751 and '168 Patents)

(collectively, the "Customer Complaints").

5.     In each of these cases, at least one of InterDigital's purported infringement claim charts attached to the Customer Complaints alleges infringement based on Dolby's customers' use of Dolby Vision as provided by Dolby. **Exhibits 6-18**.  For patents in the Customer Complaints that overlap—namely, the '211 Patent and the '674 Patent are asserted in both the Delaware and ITC suits against Amazon, and the '751 Patent and the '168 Patent are asserted in the TCL EDTX Complaint, the Hisense NDGA Complaint, and the TCL/Hisense ITC Complaint—the accompanying claim chart allegations were substantially identical to each other.

6.     As part of its enforcement campaign, InterDigital also sued Dolby's downstream customer The Walt Disney Company ("Disney") and related Disney entities in this District and accuses them of patent infringement by virtue of their

alleged use of Dolby Vision, as incorporated into various Disney video streaming products such as Disney+ and Hulu. *See InterDigital, Inc. et al. v. The Walt Disney Company et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.), Dkt. No. 1 (the "Disney Complaint"). InterDigital alleges, among other things, that Disney's use of Dolby Vision infringes the asserted U.S. Patent No. 9,185,268 (the "'268 Patent"). *See, e.g.*, Disney Complaint, ¶¶ 523–48; **Exhibit 19** (Disney Complaint '268 patent purported infringement claim chart).

7.     InterDigital's enforcement campaign against Dolby's customers also extends to global forums.  For example, InterDigital sued Disney in Munich Regional Court, asserting Disney infringed a European counterpart to the '268 Patent, EP2132923 ("Germany Injunction Suit").  As part of the Germany Injunction Suit, InterDigital sought and received an injunction in November 2025 against Disney's use of implicated technology, which, on information and belief, led Disney to disable Dolby Vision in Germany.

8.     Dolby is concurrently filing a declaratory judgement action in this Court for non-infringement and invalidity of the '268 Patent, which InterDigital has asserted against Disney for its use of Dolby Vision.  The Disney litigation was filed earlier than the litigations against Amazon, TCL, and Hisense, and Dolby has thus included the '268 Patent in a separate declaratory judgment action.

9.     InterDigital's actions and allegations, including multiple lawsuits against Dolby customers Disney, Amazon, TCL, and Hisense related to incorporation and use of Dolby Vision, have injured and continue to injure Dolby's business and business relationships thereby creating a concrete, actual, and immediate justiciable controversy between Dolby and InterDigital.

10.     Accordingly, Dolby brings this case to defend its technology, clear InterDigital's allegations that Dolby and its product Dolby Vision infringe the Patents-in-Suit, and to protect its customers, including Amazon, TCL and Hisense, from baseless claims of patent infringement.  Dolby seeks a judicial declaration that

its product Dolby Vision, and the use of Dolby Vision as instructed by Dolby does not infringe the Patents-in-Suit directly or indirectly.

## PARTIES

11.    Plaintiff Dolby Laboratories is a Delaware corporation with its headquarters at 1275 Market Street, San Francisco, California 94103. Dolby Laboratories develops and owns the Dolby Vision technology.

12.    Plaintiff Dolby Licensing is a New York corporation with its headquarters at 1275 Market Street, San Francisco, California 94103. Dolby Licensing is an indirect, wholly-owned subsidiary of Dolby Laboratories. Dolby Licensing licenses Dolby Vision to third parties.

13.    Plaintiff Dolby International is a Swedish private limited company with its headquarters at 77 Sir John Rogerson's Quay, Spaces South Docklands, Dublin D02 VK60, Ireland. Dolby International is an indirect, wholly-owned subsidiary of Dolby Laboratories.

14.    On information and belief, Defendant InterDigital, Inc. is a Pennsylvania corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809. Also on information and belief, InterDigital makes no products, including products that embody the claims of the Patents-in-Suit, and acquired at least four of the Patents-in-Suit from others rather than developing the Patents-in-Suit technology itself.

15.    On information and belief, Defendant InterDigital Madison Patent Holdings, SAS is a French société par actions simplifiée (simplified joint stock company) with its principal place of business at 3 Rue du Colonel Moll, Paris, France 75017, and is a wholly owned subsidiary of InterDigital, Inc.

16.    On information and belief, Defendant InterDigital VC Holdings, Inc. is a Delaware corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809. On information and belief, InterDigital VC Holdings, Inc. is a wholly owned subsidiary of InterDigital, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

17.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

18.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 based on a definite and concrete, real and substantial, justiciable controversy between Dolby, on the one hand, and InterDigital, on the other hand, for declaratory judgment of patent non-infringement.

19.    This Court has personal jurisdiction over InterDigital because InterDigital has purposely conducted its patent enforcement activities in California and in particular directed its patent enforcement activities at Dolby in California and this District, including by filing a lawsuit in the Central District of California where it has targeted and alleged infringement of the '268 Patent based on use of Dolby Vision by Dolby's customer, Disney.  *See InterDigital, Inc. et al. v. The Walt Disney Company et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.), Disney Complaint, ¶¶ 523–48.  InterDigital has further purposefully availed itself of this forum by compelling discovery directly from Dolby in California concerning Dolby Vision as part of its enforcement campaign.

20.    InterDigital has further directed its enforcement activities to Dolby in California by suing Dolby's customers, Disney, Amazon, TCL, and Hisense for their alleged use of Dolby Vision.  *See* Disney Complaint, Amazon DE Complaint; Amazon ITC Complaint; Amazon EDVA Complaint; TCL EDTX Complaint, Hisense NDGA complaint; and TCL/Hisense ITC Complaint.  InterDigital knew or should have known that its infringement allegations in each Customer Complaint based on Dolby Vision would cause harm to Dolby in California, where Dolby is headquartered and where Dolby designed, developed, licenses, and supports Dolby Vision.  InterDigital's infringement allegations expressly identify Dolby Vision by name, rely on Dolby Vision specifications, workflows, and documentation, and attach claim charts grounded in Dolby Vision materials originating from Dolby in

5
COMPLAINT FOR DECLARATORY JUDGMENT

California, including in this District.  InterDigital thus knew or should have known that any resulting injury would be felt by Dolby in California.  InterDigital's Customer Complaints were thus expressly aimed at California and at Dolby's California-based conduct.

21.    Dolby maintains a substantial and long-standing physical presence in this District, including a large office facility in Burbank located in the heart of the Los Angeles entertainment industry, adjacent to major film and television production centers, and expressly intended to serve Dolby's extensive Los Angeles-based client base.  *See, e.g.*, https://www.mixonline.com/recording/dolby-opens-new-la-office-372811 (last visited March 3, 2026).  Additionally, the "Dolby Theatre" is located on Hollywood Boulevard in Los Angeles, and Dolby Screening Rooms are located on Alameda Avenue in Burbank and on Hollywood Boulevard in Los Angeles.

22.    InterDigital is further subject to personal jurisdiction in California because of InterDigital's activities in California.  First, InterDigital has at least two facilities in California.  On information and belief, InterDigital has an office located at 9276 Scranton Road, Suite 300, San Diego, California, and an office located at 4410 El Camino Real, Suite 120, Los Altos, California.  Indeed, Plaintiff InterDigital, Inc. is advertising several job openings in its Los Altos, California offices.  https://www.linkedin.com/jobs/interdigital-inc.-jobs-worldwide?f_C=17752&trk=job-results_see-all-jobs-link&position=1&pageNum=0 (last visited March 3, 2026).  Second, on information and belief, an affiliate of the InterDigital Defendants, InterDigital Communications, Inc. ("ICI"), is a Delaware corporation that is registered as a "stock corporation" in California and has an agent for service of process (CT Corp.) in Glendale, California. https://bizfileonline.sos.ca.gov/search/business (last visited March 3, 2026).  ICI shares the same principal address as the headquarters of Defendant InterDigital, Inc.

23.    InterDigital has purposefully availed itself of the privilege of conducting its business of licensing patents in California, and in particular within this District,

through extensive, deliberate, and ongoing commercial, licensing, partnership, and marketing activities directed to this forum.  On information and belief, InterDigital has entered into and maintained patent license agreements with numerous California-based companies headquartered or operating in this District, including Sony (through Sony Pictures, headquartered in Culver City, CA), Google (with offices in Los Angeles, Irvine, and Playa Vista), Samsung Electronics (through Samsung Research America facilities in Irvine and Valencia), Alps Alpine (with an office in Torrance, CA), Sharp (with an office in Irvine), and Vizio (headquartered in Irvine).  On information and belief, InterDigital has also formed strategic partnerships centered in Southern California, including a 2026 launch of a "Haptic Excellence Center" with Razer, which is dual-headquartered in Irvine, California, and a long-standing collaboration with EvoNexus to promote technology innovation and entrepreneurship in Southern California. In addition, on information and belief, InterDigital has demonstrated technologies in Los Angeles, including presenting at the SIGGRAPH conference at the Los Angeles Convention Center and delivering technical presentations at UCLA.

24.    Thus, the citizens of the State of California and this District have a substantial interest in the outcome of this dispute.

25.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because events giving rise to Dolby's claims occurred here, including: development and testing work on Dolby Vision at Dolby's facilities in this District; InterDigital's suit against Dolby's customer Disney in this District alleging infringement based on Dolby Vision; and Dolby's collaboration and outreach with Dolby customers in the District.  Dolby incorporates by reference Paragraphs 19-24 with respect to venue.

26.    Portions of the original development and testing of Dolby Vision were conducted at Dolby's facilities and laboratory located at 3601 West Alameda Ave., Burbank, California, within this District.  Dolby also maintains facilities at 3601 West Alameda Ave., Burbank, California, and 6321 Hollywood Blvd., Los Angeles,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

California, where Dolby Vision work, demonstrations, and evaluation activities have taken place and continue to occur.

27.    Many of Dolby's content creation customers for Dolby Vision are located in this District, including Disney Studios (Burbank), Product Factory (Burbank), Amazon MGM Studios (Culver City, CA), Red Bull Media House North America (Santa Monica, CA), Paramount Pictures (Hollywood, Los Angeles, CA), and Apple Originals (Culver City, CA).  Dolby also has active Dolby Vision licenses with customers in this District.  Additionally, many Dolby Certified Professionals, those who have gone through Dolby's training program, are located in this District. *See, e.g.,* https://professional.dolby.com/content-creation/dolby-vision-certified-professionals/.

28.    Venue is further proper in this District because Dolby personnel with knowledge of the accused Dolby Vision technology work and reside in this District. There are currently about 90 Dolby employees at Dolby's 3601 West Alameda Ave., Burbank, California location, which includes employees who work on and support Dolby Vision and a Dolby Vision content creation team.

29.    InterDigital has engaged in patent licensing discussions with Disney in this District.  InterDigital's Disney Complaint states in Paragraph 3 that "in July 2022 InterDigital reached out to Disney [located in this District] to request that the parties discuss the licensing of InterDigital's patented technologies used by Disney." Disney's answer/counterclaims states in Paragraph 59 that "Disney has attempted to continue negotiating.  On February 19, 2025, Disney sent InterDigital a letter offering to engage in licensing negotiations and requesting that InterDigital 'propose a license on a worldwide, non-discriminatory basis and on reasonable terms and conditions consistent with ITU RAND policies and Thomson's (and InterDigital's) commitments to the ITU.'"  Disney continues in Paragraph 60: "InterDigital has refused to provide such an offer.  Instead, on February 28, 2025, InterDigital sent a letter refusing to provide an offer to license its patents on RAND terms."

30.    On information and belief, relevant witnesses and evidence concerning the Patents-in-Suit, including one or more named inventors of the Patents-in-Suit, previously resided in California, and particularly in this District, and evidence concerning their work on the inventions may still exist in this District.  *See, e.g.*, '338 Patent, '751 Patent.  The '338 Patent lists one inventor (Pierre Ollivier) in Culver City, California, within this District.  The '751 Patent lists several inventors within this District: Ingo Tobias Doser (Burbank), Xueming Henry Gu (Calabasas), Michael Allan Sterling (Westlake Village), and Bongsun Lee (La Crescenta).  On information and belief, at least Dr. Gu still resides in this District.

31.    The declaratory and injunctive relief sought in this action would resolve InterDigital's infringement allegations concerning Dolby Vision and directly affect Dolby's California-based business operations and customer relationships, further supporting venue in this District.

## FACTUAL BACKGROUND

32.    Dolby Vision is a high dynamic range ("HDR") video technology developed and owned by Dolby.  Dolby makes Dolby Vision available to third parties through licensing arrangements under which customers implement the technology in their products and services in accordance with Dolby's specifications.

33.    InterDigital claims to own all relevant rights, title, and interest in the Patents-in-Suit.  On information and belief, InterDigital VC Holdings, Inc. claims to own all rights, title, and interest in the '211 and '674 Patents, and claims to hold all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.  *See, e.g.*, Amazon DE Complaint, ¶¶ 30, 39.  On information and belief, InterDigital VC Holdings, Inc. claims to own all rights, title, and interest in the '338 Patent, and claims to hold all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.  *See, e.g.*, Amazon EDVA Complaint, ¶ 53.  On information and belief, InterDigital VC Holdings, Inc. claims to own, by assignment, all rights, title, and

9

COMPLAINT FOR DECLARATORY JUDGMENT

interest in and to the '168 Patent, and claims to hold all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement. *See, e.g.*, Hisense NDGA Complaint, ¶ 60. On information and belief, InterDigital Madison Patent Holdings SAS claims to own, by assignment, all rights, title, and interest in and to the '751 Patent, and claims to hold all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement. *See, e.g.*, Hisense NDGA Complaint, ¶ 68.

34.     InterDigital attached to each of the Customer Complaints at least one claim chart per Patent-in-Suit, which purports to show that Dolby Vision, its use, or its incorporation into the non-exhaustive lists of Dolby's customers' accused products infringes that particular patent. Collectively, these Customer Complaints charts show that InterDigital contends that Dolby Vision either allegedly infringes, or that the use of Dolby Vision allegedly infringes, the Patents-in-Suit. The claim chart attachments to the Customer Complaints are attached hereto as **Exhibits 6** through **18**, per the table below:

| Exhibit Number | InterDigital's Purported Infringement Claim Chart |
|---|---|
| 6 | US 8,149,338 (asserted against Amazon, EDVA) |
| 7 | US 9,654,751 (asserted against Hisense, NDGA) |
| 8 | US 9,654,751 (asserted against TCL, EDTX) |
| 9 | US 9,654,751 (asserted against Hisense, ITC) |
| 10 | US 9,654,751 (asserted against TCL, ITC) |
| 11 | US 9,747,674 (asserted against Amazon, DE) |
| 12 | US 9,747,674 (asserted against Amazon, ITC) |
| 13 | US 10,741,211 (asserted against Amazon, DE) |
| 14 | US 10,741,211 (asserted against Amazon, ITC) |
| 15 | US 11,399,168 (asserted against Hisense, NDGA) |
| 16 | US 11,399,168 (asserted against TCL, EDTX) |
| 17 | US 11,399,168 (asserted against Hisense, ITC) |
| 18 | US 11,399,168 (asserted against TCL, ITC) |

**InterDigital Is Targeting Dolby Vision Through Dolby's Customer Amazon**

35.     InterDigital has targeted Dolby and its product Dolby Vision by suing Dolby's downstream customer Amazon in three separate jurisdictions: U.S. District

COMPLAINT FOR DECLARATORY JUDGMENT

Court for the District of Delaware, the ITC, and the U.S. District Court for the Eastern District of Virginia.

36.    InterDigital asserts overlapping patent infringement allegations against Amazon in the District of Delaware and the ITC, alleging infringement of the '211 Patent and the '674 Patent in both jurisdictions based on the same conduct.  Because of that overlap, on February 11, 2026, the Delaware court granted Amazon's unopposed motion for a stay pending the determination by the ITC.  *InterDigital, Inc. et al. v. Amazon.Com Services LLC*, No. 1:25-cv-01365-GBW (D. Del.), Dkt. No. 16.

37.    Dolby will comply with existing contractual indemnity obligations to Amazon.

### *InterDigital's Amazon Suits in DDE and ITC*

38.    Through its Amazon DE and ITC Complaints, InterDigital seeks to target Dolby by asserting infringement theories for the '211 and '674 Patents centered on Dolby Vision.

39.    InterDigital attached a claim chart to both the Amazon DE and ITC Complaints for the '211 Patent that references Dolby Vision, accusing Amazon of infringing the '211 Patent by virtue of Amazon's incorporation and use of Dolby Vision in the "HDR Accused Instrumentalities" (i.e., "all Amazon devices capable of playing back HDR10, HDR10+, or Dolby Vision content including at least the following: Fire TV Stick HD, Fire TV Stick 4K Select, Fire TV Stick 4K Plus, Fire TV Stick 4K Max, Fire TV Cube, Fire TV 2-Series, Fire TV 4-Series, and Fire TV Omni Series").  *See* Amazon DE Complaint, ¶¶ 8, 28, 70; **Exhibit 13** at 2 (Amazon DE Complaint '211 Patent purported infringement claim chart); *see also* Amazon ITC Complaint, ¶ 23; **Exhibit 14** (Amazon ITC Complaint '211 Patent purported infringement claim chart).

40.    InterDigital's Amazon DE and ITC Complaints also attach a claim chart for the '674 Patent that references Dolby Vision, accusing Amazon of infringing the '674 Patent by virtue of Amazon's incorporation and use of Dolby Vision in the

"HDR Accused Instrumentalities" (i.e., "all Amazon devices that are HDR, HDR10+, or Dolby Vision compliant" or "all Amazon devices capable of playing back HDR, HDR10+, or Dolby Vision content"). *See* Amazon DE Complaint, ¶¶ 8, 28, 80 (highlighting Dolby Vision, Dolby Vision logos, and Dolby Vision capabilities in screen shots); **Exhibit 11** at 2 (Amazon DE Complaint '674 Patent purported infringement claim chart); *see also* **Exhibit 12** (Amazon ITC Complaint '674 Patent purported infringement claim chart).

41.    InterDigital's Amazon DE Complaint claim charts, which are nearly identical in substance to the Amazon ITC Complaint claim charts, confirm that InterDigital's infringement allegations are directed at Dolby Vision.

42.    InterDigital alleges in its '211 Patent claim chart that "[t]he Amazon HDR Accused Instrumentalities are information processing devices" because, for example, "the Fire TV can process HDR content like HDR10, HDR10+, or Dolby Vision." *See* **Exhibit 13** (Amazon DE Complaint '211 Patent purported infringement claim chart); **Exhibit 14** (Amazon ITC Complaint '211 Patent purported infringement claim chart).

43.    In its '674 Patent claim chart, InterDigital alleges that the exemplary accused product "can perform conversion of luminance values within a defined dynamic range in accordance with the HDR10+ or Dolby Vision specification." *See* **Exhibit 11** (Amazon DE Complaint '674 Patent purported infringement claim chart); **Exhibit 12** (Amazon ITC Complaint '674 Patent purported infringement claim chart).

44.    InterDigital does not allege in its Amazon DE Complaint, Amazon ITC Complaint, or the attached claim charts that Amazon uses Dolby Vision or incorporates Dolby Vision into the HDR Accused Instrumentalities in any manner outside of Dolby's specifications or licensing instructions.

45.    InterDigital's conduct outside the four corners of the Amazon DE and Amazon ITC Complaints further confirms that Dolby—not its customers—is the

focus of InterDigital's infringement allegations concerning the '211 Patent and the '674 Patent.  In connection with its enforcement efforts, InterDigital has issued a third-party subpoena to Dolby as part of InterDigital's Amazon ITC suit, seeking documents and information relating to Dolby Vision and the '211 and '674 Patents. InterDigital's decision to compel discovery directly from Dolby regarding the '211 and '674 Patents, including demanding its source code and technical documentation, confirms that InterDigital's enforcement efforts are directed at Dolby and Dolby Vision, not Amazon, TCL, or Hisense.

### InterDigital's Amazon Suit in EDVA

46.    Through its Amazon EDVA complaint, InterDigital seeks to target Dolby by asserting infringement theories for the '338 Patent centered on Dolby Vision.  InterDigital attached a claim chart for the '338 Patent that squarely and expressly targets Dolby Vision, accusing Amazon of infringing the '338 Patent solely by virtue of Amazon's incorporation and use of Dolby Vision in the "HDR Accused Instrumentalities" (i.e., "all Amazon devices that are HDR, HDR10+, or Dolby Vision compliant" or "all Amazon devices that are capable of playing back HDR10, HDR10+, or Dolby Vision content").  *See* Amazon EDVA Complaint, ¶¶ 8, 30, 84-86; **Exhibit 6** at 2 (Amazon EDVA Complaint '338 Patent purported infringement claim chart).

47.    InterDigital's Amazon EDVA Complaint claim chart for the '338 Patent confirms that InterDigital's infringement allegations are directed at Dolby Vision.

48.    InterDigital alleges in its '338 Patent claim chart that "[t]he Amazon HDR Accused Services [sic] are capable of performing method [sic] of color correction" because, for example, "the Fire TV can perform color correction in accordance with the Dolby Vision specification" and the Fire TV does "Dolby Vision color correction."  *See* **Exhibit 6** (Amazon EDVA Complaint '338 Patent purported infringement claim chart).  To support these allegations, InterDigital's '338 Patent

claim chart expressly and repeatedly cites Dolby documentation and materials drawn from Dolby's website for each claim limitation.

49.    InterDigital does not allege in its Amazon EDVA Complaint or accompanying '338 Patent claim chart that Amazon uses Dolby Vision or incorporates Dolby Vision into the HDR Accused Instrumentalities in any manner outside Dolby's specifications or licensing instructions.

**InterDigital is Targeting Dolby Vision Through Dolby's Customers**
**TCL and Hisense**

50.    InterDigital has targeted Dolby and its product Dolby Vision by suing Dolby's downstream customers TCL and Hisense in three separate jurisdictions: the ITC (both TCL and Hisense), U.S. District Court for the Eastern District of Texas (TCL), and the U.S. District Court for the Northern District of Georgia (Hisense).

51.    InterDigital asserts overlapping patent infringement allegations against TCL in the Eastern District of Texas and against Hisense in the Northern District of Georgia, and against both parties in the ITC, alleging infringement of the '168 Patent and the '751 Patent against both parties, in each jurisdiction based on the similar targeting of Dolby Vision.

52.    Through its TCL/Hisense ITC Complaint, TCL EDTX Complaint, and Hisense NDGA Complaint, InterDigital seeks to target Dolby by asserting infringement theories for the '168 Patent centered on Dolby Vision.  InterDigital attached a claim chart to the TCL/Hisense ITC Complaint, TCL EDTX Complaint, and the Hisense NDGA Complaint for the '168 Patent that squarely and expressly targets Dolby Vision, accusing TCL and Hisense of infringing the '168 Patent by virtue of TCL's and Hisense's incorporation and use of Dolby Vision in the "Accused Products" (i.e., "Products that support high dynamic range ('HDR') formats including HDR10, HDR10+, and/or Dolby Vision") and/or "HDR Accused Instrumentalities" (i.e., "all Hisense devices capable of playing back HDR10, HDR10+, or Dolby Vision content").  *See* Hisense NDGA Complaint, ¶¶ 8, 28, 112-14; **Exhibit 15** (Hisense

14
COMPLAINT FOR DECLARATORY JUDGMENT

NDGA Complaint '168 Patent purported infringement claim chart); TCL EDTX Complaint, ¶¶ 6, 35, 115-17; **Exhibit 16** (TCL EDTX Complaint '168 Patent purported infringement claim chart); **Exhibit 18** (TCL/Hisense ITC Complaint '168 Patent purported infringement claim chart as to TCL); **Exhibit 17** (TCL/Hisense ITC Complaint '168 Patent purported infringement claim chart as to Hisense).

53.    InterDigital's '168 claim charts attached to the TCL/Hisense ITC Complaint and its TCL EDTX and Hisense NDGA Complaints confirm that InterDigital's infringement allegations are directed at Dolby Vision.  InterDigital's TCL/Hisense ITC Complaint, TCL EDTX and Hisense NDGA Complaints each attach a claim chart for the '168 Patent that squarely and expressly targets Dolby Vision, accusing TCL and Hisense of infringing the '168 Patent by virtue of TCL's and Hisense's incorporation and use of Dolby Vision in the "HDR Accused Instrumentalities," and expressly and repeatedly citing Dolby documentation and materials drawn from Dolby's website.  *See, e.g.*, **Exhibit 15** at 5 (Hisense NDGA Complaint '168 Patent purported infringement claim chart) (citing Dolby Vision White Paper showing Dolby Vision workflow); *id.* at 7 (highlighting "Viewing of the HDMI stream" with "Dolby Vision"); **Exhibit 16** (TCL EDTX Complaint '168 Patent purported infringement claim chart, citing Dolby Vision White Paper showing Dolby Vision workflow); *id.* at 6 (highlighting "Viewing of the HDMI stream" with "Dolby Vision"); **Exhibits 17-18** (TCL/Hisense ITC Complaint '168 Patent purported infringement claim charts, showing same).

54.    Through its TCL/Hisense ITC Complaint, TCL EDTX Complaint, and Hisense NDGA Complaint, InterDigital seeks to target Dolby by asserting infringement theories for the '751 Patent centered on Dolby Vision. InterDigital attached a claim chart to each of the TCL/Hisense ITC Complaint, TCL EDTX and the Hisense NDGA Complaints for the '751 Patent that squarely and expressly targets Dolby Vision, accusing TCL and Hisense of infringing the '751 Patent by virtue of TCL's and Hisense's incorporation and use of Dolby Vision in the "Accused

Products" (i.e., "Products that support high dynamic range ('HDR') formats including HDR10, HDR10+, and/or Dolby Vision") and/or "HDR Accused Instrumentalities" (i.e., "all Hisense devices capable of playing back HDR10, HDR10+, or Dolby Vision content").  *See* Hisense NDGA Complaint, ¶¶ 8, 28, 121-23; **Exhibit 7** (Hisense NDGA Complaint '751 Patent purported infringement claim chart); TCL EDTX Complaint, ¶¶ 6, 35, 124-126; **Exhibit 8** (TCL EDTX Complaint '751 Patent purported infringement claim chart); **Exhibit 10** (TCL/Hisense ITC Complaint '751 Patent purported infringement claim chart as to TCL); **Exhibit 9** (TCL/Hisense ITC Complaint '751 Patent purported infringement claim chart as to Hisense).

55.    InterDigital's '751 claim charts attached to the TCL/Hisense ITC Complaint, the TCL EDTX and Hisense NDGA Complaints confirm that InterDigital's infringement allegations are directed at Dolby Vision.  InterDigital's TCL/Hisense ITC Complaint, TCL EDTX and Hisense NDGA Complaints each attach a claim chart for the '751 Patent that squarely and expressly targets Dolby Vision, accusing TCL and Hisense of infringing the '751 Patent by virtue of TCL's and Hisense's incorporation and use of Dolby Vision in the "HDR Accused Instrumentalities," and expressly and repeatedly citing Dolby documentation and materials drawn from Dolby's website.  *See, e.g.*, **Exhibit 7** (Hisense NDGA Complaint '751 Patent purported infringement claim chart, relying on Dolby Vision sources and Dolby Vision workflow throughout infringement chart); **Exhibit 8** at 4-7 (TCL EDTX Complaint '751 Patent purported infringement claim chart, relying on Dolby Vision sources and Dolby Vision workflow throughout infringement chart); **Exhibits 9-10** (TCL/Hisense ITC Complaint '751 Patent purported infringement claim charts, showing same).

56.    InterDigital does not allege in its TCL/Hisense ITC Complaint, TCL EDTX Complaint, its Hisense NDGA Complaint, or the attached '168 and '751 claim charts that either TCL or Hisense uses Dolby Vision or incorporates Dolby Vision

1
2
into the HDR Accused Instrumentalities in any manner outside Dolby's specifications or licensing instructions.

3                                    *        *        *

4      57.    Neither Dolby, Dolby Vision, nor its customers using Dolby Vision
5   infringe or have infringed, either directly or indirectly, any claim of any of the Patents-
6   in-Suit.  In view of InterDigital's allegations that Dolby Vision (or its use) infringes
7   or will infringe the Patents-in-Suit, a substantial controversy exists between the
8   parties which is of sufficient immediacy and reality to warrant declaratory relief.

9                              **THE PATENTS-IN-SUIT**

10     58.    On April 3, 2012, the United States Patent and Trademark Office
11  ("USPTO") issued the '338 Patent, titled "Method and Apparatus for Color Decision
12  Metadata Generation" to named inventors Eric Carl Rehm, Joshua Pines, Pierre
13  Ollivier, Jan Van Rooy, and David J. Bancroft.  On information and belief, and
14  assuming maintenance fees have been paid, the '338 Patent has not expired.  A true
15  and correct copy of the '338 Patent is attached as **Exhibit 1**.

16     59.    On May 16, 2017, the USPTO issued the '751 Patent, titled "Method,
17  Apparatus and System for Providing Color Grading for Displays" to named inventors
18  Ingo Tobias Doser, Xueming Henry Gu, Pierre Jean Ollivier, Michael Allan Sterling,
19  Bongsun Lee, Rainer Zwing, Carlos Correa, and Jurgen Stauder.  On information and
20  belief, and assuming maintenance fees have been paid, the '751 Patent has not
21  expired.  A true and correct copy of the '751 Patent is attached as **Exhibit 2**.

22     60.    On August 29, 2017, the USPTO issued the '674 Patent, titled "Method
23  and Device for Converting an Image Sequence Whose Luminance Values Belong to
24  a High Dynamic Range" to named inventors Ronan Boitard, Dominique Thoreau, and
25  Yannick Olivier.  On information and belief, and assuming maintenance fees have
26  been paid, the '674 Patent has not expired.  A true and correct copy of the '674 Patent
27  is attached as **Exhibit 3**.

28

61.    On August 11, 2020, the USPTO issued the '211 Patent, titled "Information Processing Device, Information Recording Medium, and Information Processing Method" to named inventors Ryohei Takahashi and Kouichi Uchimura. On information and belief, and assuming maintenance fees have been paid, the '211 Patent has not expired.  A true and correct copy of the '211 Patent is attached as **Exhibit 4**.

62.    On July 26, 2022, the USPTO issued the '168 Patent, titled "Method for Encoding and Method for Decoding a Color Transform and Corresponding Devices" to named inventors Pierre Andrivon, Philippe Bordes, and Emmanuel Jolly.  On information and belief, and assuming maintenance fees have been paid, the '168 Patent has not expired.  A true and correct copy of the '168 Patent is attached as **Exhibit 5**.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '338 Patent)

63.    Dolby incorporates by reference the foregoing paragraphs and allegations as if fully set forth herein.

64.    In the Amazon EDVA Complaint, InterDigital alleged that "Amazon has infringed and continues to infringe the '338 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products and/or services, including at least the HDR Accused Instrumentalities, and/or inducing others to do the same" where the "HDR Accused Instrumentalities" includes "all Amazon devices capable of playing back HDR10, HDR10+, or Dolby Vision content."  *See* Amazon EDVA Complaint, ¶¶ 84-86, n.6; **Exhibit 6** (Amazon EDVA Complaint '338 Patent purported infringement claim chart).

65.    Contrary to InterDigital's allegations, neither Dolby Vision nor its use infringes (or has infringed) any claims of the '338 Patent.

66.    In the EDVA Complaint, InterDigital identifies only claim 7 of the '338 Patent as being allegedly infringed by Dolby Vision.  Claim 7 is reproduced below:

| Limitation | Claim Language |
|---|---|
| 7[Preamble] | A method of performing a color correction operation comprising the steps of: |
| 7[a] | determining with a processor of a color correction machine a number of color correction operations to be performed in response to received metadata; and |
| 7[b] | performing with the processor of said color correction machine the color correction operations determined in said previous step on image data and said color correction operations are performed on a specified region of an image selected from image data used for rendering a sequence of images. |

67.    Neither Dolby Vision nor its use satisfies at least limitation 7[a] of the '338 Patent.  Neither Dolby Vision nor its use involves the claimed step of determining with a processor of a color correction machine a number of color correction operations to be performed in response to received metadata.

68.    Dependent claim 8, which depends from claim 7, is not infringed for at least the reasons stated above in Paragraph 67.

69.    To the extent InterDigital would assert the claims that are not currently asserted in the EDVA Complaint (i.e., claims 1-6), Dolby Vision also does not infringe these non-asserted claims.

70.    Based on the foregoing, an actual controversy has arisen and now exists between Dolby and InterDigital regarding the alleged infringement of the '338 Patent by Dolby Vision or its use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Dolby nor its customers by virtue of using Dolby Vision have infringed the '338 Patent.

71.     Dolby seeks and is entitled to a declaratory judgment that Dolby and Dolby Vision—including use of Dolby Vision—does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '338 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '338 Patent.

## COUNT II

### (Declaratory Judgment of Non-Infringement of the '751 Patent)

72.     Dolby incorporates by reference the foregoing paragraphs and allegations as if fully set forth herein.

73.     In the TCL EDTX Complaint, InterDigital alleged that "TCL has infringed and continues to infringe, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products and/or services, including at least the HDR Accused Instrumentalities, and/or inducing others to do the same" and that "TCL infringes at least claim 14 [of the '751 Patent] by enabling HDR playback on the HDR Accused Instrumentalities" through the use of Dolby Vision.  *See* TCL EDTX Complaint at ¶¶ 124-29; **Exhibit 8** (TCL EDTX Complaint '751 Patent purported infringement claim chart); **Exhibit 10** (TCL/Hisense ITC Complaint '751 Patent purported infringement claim chart as to TCL).

74.     In the Hisense NDGA Complaint, InterDigital alleged that "Hisense has infringed and continues to infringe, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products and/or services, including at least the HDR Accused Instrumentalities, and/or inducing others to do the same" and that "Hisense infringes at least claim 14 [of the '751 Patent] by enabling HDR playback on the HDR Accused Instrumentalities" through the use of Dolby Vision.  Hisense NDGA Complaint, ¶¶ 121-26; **Exhibit 7** (Hisense NDGA

20

Complaint '751 Patent purported infringement claim chart); **Exhibit 9** (TCL/Hisense ITC Complaint '751 Patent purported infringement claim chart as to Hisense).

75.    Contrary to InterDigital's allegations, neither Dolby Vision nor its use infringes (or has infringed) any claims of the '751 Patent.

76.    In the NDGA and EDTX Complaints, InterDigital identifies only claim 14 of the '751 Patent as being allegedly infringed by Dolby Vision. Claim 14 is reproduced below:

| Limitation | Claim Language |
|---|---|
| 14[Preamble] | A display unit for processing a plurality of picture data, comprising: |
| 14[a] | a display including a display specification including at least one display requirement; |
| 14[b] | a picture selector for obtaining the plurality of picture data and operative to access a plurality of different virtual device models, each of the virtual device models including at least one parameter for specifying at least one display feature, and wherein the picture selector is configured to select one of the virtual device models to control a display picture provided by the display based on a comparison between the virtual device models and the display specification of the display, and the picture selector is further configured to select one of the plurality of the picture data based on the selected one of the virtual device models; and |
| 14[c] | a picture calibration component configured to adapt the selected one of the plurality of picture data selected by the picture selector to be displayed on the same display based on the selected virtual device model. |

77.    Neither Dolby Vision nor its use satisfies at least limitations 14[b] or 14[c] of the '751 Patent.  Neither Dolby Vision nor its use involves the claimed picture selector for obtaining the plurality of picture data and operative to access a plurality of different virtual device models.  In addition, neither Dolby Vision nor its use involves the claimed picture selector that is configured to select one of the virtual device models to control a display picture provided by the display based on a comparison between the virtual device models and the display specification of the display.  And neither Dolby Vision nor its use involves the claimed picture selector that is further configured to select one of the plurality of the picture data based on the selected one of the virtual device model; and a picture calibration component configured to adapt the selected one of the plurality of picture data selected by the picture selector to be displayed on the same display based on the selected virtual device model.

78.    Dependent claims 15-18, which depend from claim 14, are not infringed for at least the reasons stated above in Paragraph 77.

79.    To the extent InterDigital would assert the claims that are not currently asserted in the ITC Complaint, the NDGA Complaint or the EDTX Complaint (i.e., claims 1-13), Dolby Vision also does not infringe these non-asserted claims.

80.    Based on the foregoing, an actual controversy has arisen and now exists between Dolby and InterDigital regarding the alleged infringement of the '751 Patent by Dolby Vision or its use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Dolby nor its customers by virtue of using Dolby Vision have infringed the '751 Patent.

81.    Dolby seeks and is entitled to a declaratory judgment that Dolby and Dolby Vision—including use of Dolby Vision—does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '751 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '751 Patent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '674 Patent)

82.    Dolby incorporates by reference the foregoing paragraphs and allegations as if fully set forth herein.

83.    In the Amazon DE Complaint and Amazon ITC Complaint, InterDigital alleged that "Amazon infringes at least Claims 1 and 10 of the '674 Patent by enabling HDR playback on the HDR Accused Instrumentalities" where the "HDR Accused Instrumentalities includes all Amazon devices capable of playing back . . . Dolby Vision content." *See* Amazon DE Complaint at ¶¶ 79-80, n.4; **Exhibit 11** (Amazon DE Complaint '674 Patent purported infringement claim chart).

84.    Contrary to InterDigital's allegations, neither Dolby Vision nor its use infringes (or has infringed) any claims of the '674 Patent.

85.    Claim 1 of the '674 Patent, which is identified by InterDigital in the Amazon DE Complaint and the Amazon ITC Complaint as allegedly infringed by Dolby Vision, is reproduced below:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method for converting an original image sequence whose luminance values belong to a given dynamic range, said method comprising: |
| 1[a] | converting, image-by-image, the dynamic range of the luminance component of each image of the original image sequence by applying a dynamic range conversion operator to the luminance component of each image of the original image sequence to obtain a modified luminance component whose values belong to a lower dynamic range than that of the original image sequence, wherein it also comprises: |

| Limitation | Claim Language |
|---|---|
| 1[b] | correcting the dynamic range of the values of the luminance component thus modified by reducing it by a value calculated from a global characteristic of the original image sequence. |

86.    Neither Dolby Vision nor its use satisfies at least limitation 1[b] of the '674 Patent.  Neither Dolby Vision nor its use involves the claimed step of correcting the dynamic range of the values of the luminance component thus modified by reducing it by a value calculated from a global characteristic of the original image sequence.

87.    Claim 10 of the '674 Patent, which is identified by InterDigital in the Amazon DE Complaint and the Amazon ITC Complaint as allegedly infringed by Dolby Vision, is reproduced below:

| Limitation | Claim Language |
|---|---|
| 10[Preamble] | A device for converting an original image sequence whose luminance values belong to a given dynamic range, said device comprising a processor configured to: |
| 10[a] | convert, image-by-image, the dynamic range of the luminance component of each image of the original image sequence by applying a dynamic range conversion operator to the luminance component of each image of the original image sequence to obtain a modified luminance component whose values belong to a lower dynamic range than that of the original image sequence, wherein the processor is further configured to: |
| 10[b] | correct the dynamic range of the values of the luminance component thus modified by reducing it by a value calculated from a global characteristic of the original image sequence. |

88.    Neither Dolby Vision nor its use satisfies at least limitation 10[b] of the '674 Patent.    Neither Dolby Vision nor its use involves the claimed processor configured to correct the dynamic range of the values of the luminance component thus modified by reducing it by a value calculated from a global characteristic of the original image sequence.

89.    Dependent claims 2-9, which depend from claim 1, are not infringed for at least the reasons stated above in Paragraph 86.

90.    Dependent claims 11-18, which depend from claim 10, are not infringed for at least the reasons stated above in Paragraph 88.

91.    Based on the foregoing, an actual controversy has arisen and now exists between Dolby and InterDigital regarding the alleged infringement of the '674 Patent by Dolby Vision or its use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Dolby nor its customers by virtue of using Dolby Vision have infringed the '674 Patent.

92.    Dolby seeks and is entitled to a declaratory judgment that Dolby and Dolby Vision—including use of Dolby Vision—does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '674 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '674 Patent.

## COUNT IV

### (Declaratory Judgment of Non-Infringement of the '211 Patent)

93.    Dolby incorporates by reference the foregoing paragraphs and allegations as if fully set forth herein.

94.    In the Amazon DE Complaint and Amazon ITC Complaint, InterDigital alleged that "Amazon infringes at least Claims 1 and 12 of the '211 Patent by enabling HDR playback on the HDR Accused Instrumentalities," where the "HDR Accused Instrumentalities includes all Amazon devices capable of playing back . . . Dolby

25
COMPLAINT FOR DECLARATORY JUDGMENT

Vision content." *See* Amazon DE Complaint at ¶¶ 70-72, n.4; **Exhibit 13** (Amazon DE Complaint '211 Patent purported infringement claim chart).

95.    Contrary to InterDigital's allegations, neither Dolby Vision nor its use infringes (or has infringed) any claims of the '211 Patent.

96.    Claim 1 of the '211 Patent, which is identified by InterDigital in the Amazon DE Complaint and the Amazon ITC Complaint as allegedly infringed by Dolby Vision, is reproduced below:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | An information processing device, comprising: |
| 1[a] | a data processing unit configured to: |
| 1[b] | acquire high dynamic range (HDR) image metadata from an MP4 file, wherein |
| 1[c] | the acquired HDR image metadata includes a maximum value of frame average luminance of HDR image data stored in the MP4 file, and |
| 1[d] | the HDR image data stored in the MP4 file is based on an MP4 format; |
| 1[e] | acquire display function information of a display unit from the display unit; |
| 1[f] | read the HDR image data from the MP4 file; |
| 1[g] | execute a conversion process of the read HDR image data based on the acquired HDR image metadata and the acquired display function information of the display unit; |
| 1[h] | execute an output image generation process based on the execution of the conversion process; and |
| 1[i] | output an image signal to the display unit based on the executed output image generation process. |

COMPLAINT FOR DECLARATORY JUDGMENT

97.    Neither Dolby Vision nor its use satisfies at least limitations 1[c] or 1[g] of the '211 Patent.  Neither Dolby Vision nor its use involves the claimed acquired HDR image metadata including a maximum value of frame average luminance of HDR image data stored in the MP4 file and the claimed data processing unit configured to execute a conversion process of the read HDR image data based on the acquired HDR image metadata and the acquired display function information of the display unit.

98.    Claim 12 of the '211 Patent, which is identified by InterDigital in the Amazon DE Complaint and the Amazon ITC Complaint as allegedly infringed by Dolby Vision, is reproduced below:

| Limitation | Claim Language |
| --- | --- |
| 12[Preamble] | An information processing method comprising: |
| 12[a] | in an information processing device: |
| 12[b] | acquiring, by a data processing unit of the information processing device, high dynamic range (HDR) image metadata from an MP4 file, wherein |
| 12[c] | the acquired HDR image metadata includes a maximum value of frame average luminance of HDR image data stored in the MP4 file, and |
| 12[d] | the HDR image data stored in the MP4 file is based on an MP4 format; |
| 12[e] | acquiring, by the data processing unit, display function information of a display unit from the display unit; |
| 12[f] | reading, by the data processing unit, the HDR image data from the MP4 file; |
| 12[g] | executing, by the data processing unit, a conversion process of the read HDR image data based on the acquired HDR image metadata and the acquired display function information of the display unit; |

27
COMPLAINT FOR DECLARATORY JUDGMENT

| Limitation | Claim Language |
|------------|----------------|
| 12[h] | executing, by the data processing unit, an output image generation process based on the execution of the conversion process; and |
| 12[i] | outputting, by the data processing unit, an image signal to the display unit based on the executed output image generation process. |

99.    Neither Dolby Vision nor its use satisfies at least limitations 12[c] or 12[g] of the '211 Patent.  Neither Dolby Vision nor its use involves the claimed acquired HDR image metadata including a maximum value of frame average luminance of HDR image data stored in the MP4 file and the claimed step of executing, by the data processing unit, a conversion process of the read HDR image data based on the acquired HDR image metadata and the acquired display function information of the display unit.

100.    Dependent claims 2-4, which depend from claim 1, are not infringed for at least the reasons stated above in Paragraph 97.

101.    To the extent InterDigital would assert the claims that are not currently asserted in the Amazon DE Complaint or the Amazon ITC Complaint (i.e., claims 5-11 and 13-15), Dolby Vision also does not infringe these non-asserted claims.

102.    Based on the foregoing, an actual controversy has arisen and now exists between Dolby and InterDigital regarding the alleged infringement of the '211 Patent by Dolby Vision or its use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Dolby nor its customers by virtue of using Dolby Vision have infringed the '211 Patent.

103.    Dolby seeks and is entitled to a declaratory judgment that Dolby and Dolby Vision—including use of Dolby Vision—does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '211 Patent.  Such a determination

and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '211 Patent.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '168 Patent)

104.    Dolby incorporates by reference the foregoing paragraphs and allegations as if fully set forth herein.

105.    In the TCL EDTX Complaint, InterDigital alleged that "TCL has infringed and continues to infringe, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products and/or services, including at least the HDR Accused Instrumentalities, and/or inducing others to do the same" and that "TCL infringes at least claim 18 [of the '168 Patent] by enabling HDR playback on the HDR Accused Instrumentalities" through the use of Dolby Vision. *See* TCL EDTX Complaint at ¶¶ 115-20; **Exhibit 16** (TCL EDTX Complaint '168 Patent purported infringement claim chart); *see also* **Exhibit 18** (TCL/Hisense ITC Complaint '168 Patent purported infringement claim chart as to TCL).

106.    In the Hisense NDGA Complaint, InterDigital alleged that "Hisense has infringed and continues to infringe, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products and/or services, including at least the HDR Accused Instrumentalities, and/or inducing others to do the same" and that "Hisense infringes at least claim 18 [of the '168 Patent] by enabling HDR playback on the HDR Accused Instrumentalities" through the use of Dolby Vision.  Hisense NDGA Complaint, ¶¶ 112-17; **Exhibit 15** (Hisense NDGA Complaint '168 Patent purported infringement claim chart); *see also* **Exhibit 17** (TCL/Hisense ITC Complaint '168 Patent purported infringement claim chart as to Hisense).

107. Contrary to InterDigital's allegations, neither Dolby Vision nor its use infringes (or has infringed) any claims of the '168 Patent.

108. In the ITC, NDGA, and EDTX Complaints, InterDigital identifies only claim 18 of the '168 Patent as being allegedly infringed by Dolby Vision. Claim 18 is reproduced below:

| Limitation | Claim Language |
|---|---|
| 18[Preamble] | An apparatus comprising at least one processor and at least one memory having stored instructions operative, when executed by the at least one processor, to cause the apparatus to: |
| 18[a] | decode target parameters describing characteristics for a target color space for a video picture to be displayed in the target color space; |
| 18[b] | decode color transform parameters that facilitate remapping the video picture from a first color space to the target color space; |
| 18[c] | remap the video picture to the target color space utilizing at least one of the decoded color transform parameters; and |
| 18[d] | display the remapped video picture in the target color space; |
| 18[e] | wherein the color transform parameters represent at least three successively applied color transforms comprising a first color transform followed by a second color transform followed by a third color transform. |

109. Neither Dolby Vision nor its use satisfies at least limitations 18[a], 18[b], or 18[c]; or 18[a], 18[b], 18[c], or 18[d] of the '168 Patent. First, neither Dolby Vision nor its use involves the claimed apparatus to: decode target parameters describing characteristics for a target color space for a video picture to be displayed in the target color space, decode color transform parameters that facilitate remapping the video picture from a first color space to the target color space, and remap the video picture

to the target color space utilizing at least one of the decoded color transform parameters. Second, neither Dolby Vision nor its use involves the claimed apparatus to: decode target parameters describing characteristics for a target color space for a video picture to be displayed in the target color space, decode color transform parameters that facilitate remapping the video picture from a first color space to the target color space, remap the video picture to the target color space utilizing at least one of the decoded color transform parameters, and display the remapped video picture in the target color space.

110. Dependent claims 19-20, which depend from claim 18, are not infringed for at least the reasons stated above in Paragraph 109.

111. To the extent InterDigital would assert the claims that are not currently asserted in the NDGA Complaint or the EDTX Complaint (i.e., claims 1-17 and 21-22), Dolby Vision also does not infringe these non-asserted claims.

112. Based on the foregoing, an actual controversy has arisen and now exists between Dolby and InterDigital regarding the alleged infringement of the '168 Patent by Dolby Vision or its use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Dolby nor its customers by virtue of using Dolby Vision have infringed the '168 Patent.

113. Dolby seeks and is entitled to a declaratory judgment that Dolby and Dolby Vision—including use of Dolby Vision—does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '168 Patent. Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '168 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Dolby respectfully requests:

a) that the Court enter a judgment declaring that Dolby, Dolby Vision, and use of Dolby Vision, including by Dolby's customers, has not infringed (directly,

31
COMPLAINT FOR DECLARATORY JUDGMENT

indirectly, and under the doctrine of equivalents) and does not infringe (directly, indirectly, and under the doctrine of equivalents) the Patents-in-Suit;

b)      that the Court find this case and InterDigital's actions directed to Dolby and its customers and partners to be exceptional and award Dolby its attorneys' fees under 35 U.S.C. § 285; and

c)      that the Court award all other and further relief as it deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury only to the extent there are any issues triable to a jury and otherwise request a bench trial on the equitable issues raised by the declaratory judgment claims.

1

Dated: March 3, 2026                         FISH & RICHARDSON P.C.

2

*/s/ Christopher S. Marchese*

3

Christopher S. Marchese (SBN 170239)
marchese@fr.com

4

FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100

5

Newport Beach, CA 92660

6

Tel: (949) 623-7640
Fax: (858) 678-5099

7

8

John W. Thornburgh (SBN 154627)
thornburgh@fr.com

9

Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com

10

FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400

11

San Diego, CA 92130

12

Tel: (858) 678-5070 / Fax: (858) 678-5099

13

14

Attorneys for Plaintiffs
*Dolby Laboratories, Inc.,*

15

*Dolby Laboratories Licensing Corp.,*
*and Dolby International AB*

16

17

18

19

20

21

22

23

24

25

26

27

28